IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BILL BOONE | : | |
| v. | : | CIVIL NO. CCB-10-790 |
| JUNE CONAWAY, *et al.* | : | |

...o0o...

## MEMORANDUM

Plaintiff Bill Boone, proceeding *pro se*, has filed the present lawsuit alleging that "June Conaway and Sharon Robinson[,] acting as supervisors for the Carroll Station Post Office illegally stop[ped] mail service to my address and obstructed mail delivery to my address." (Compl. at 1.) The United States of America[1] has moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Because Mr. Boone has failed to exhaust his administrative remedies, as required by the Federal Tort Claims Act ("FTCA"), the government's motion will be granted.

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) should be granted only if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a

---

[1] The government's motion to substitute itself for defendants June Conaway and Sharon Robinson will be granted. Federal employees acting within the scope of their office or employment are immunized from liability for their negligent or wrongful acts or omissions. *See* 28 U.S.C. § 2679(b)(1). "When a federal employee is sued, the United States Attorney, acting on behalf of the Attorney General, must certify whether that employee was in fact acting within the scope of his or her employment at the time of the alleged tortious act." *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997) (citing 28 U.S.C. § 2679(d)(1)). Thereafter, the United States is substituted as the defendant and the plaintiff's "sole route for recovery is the Tort Claims Act." *Id*.
    Here, Rod J. Rosenstein, United States Attorney for the District of Maryland, certified that Ms. Conaway and Ms. Robinson were acting within the scope of their employment at the time of the incident alleged in the complaint. (*See* Mot. to Substitute Defs. at Ex. A.) Mr. Boone has not rebutted this certification by proving by a preponderance of the evidence that the defendants were not acting within the scope of their employment. *See Maron*, 126 F.3d at 323. Accordingly, the United States will be substituted as the sole defendant.

matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks and citation omitted). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Piney Run Pres. Ass'n v. County Comm'rs of Carroll County*, 523 F.3d 453, 459 (4th Cir. 2008). When considering a Rule 12(b)(1) motion, the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647 (internal quotation marks and citation omitted).

Mr. Boone's sole route for recovery in this case is the FTCA. *See Maron*, 126 F.3d at 321. The FTCA constitutes a limited waiver of sovereign immunity, and a "key jurisdictional prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident." *Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (citing 28 U.S.C. § 2401(b)). This requirement is jurisdictional in nature and cannot be waived. *Id*. (internal citation omitted). Mr. Boone has not submitted a claim to the United States Postal Service (*see* Decl. of Linda K. Crump, attached to Def.'s Mot. as Ex. 2), and has failed, therefore, to exhaust his administrative remedies. Accordingly, this court lacks subject matter jurisdiction over Mr. Boone's complaint, and it will be dismissed without prejudice.

A separate Order follows.

    May 27, 2010                                       /s/
        Date                                            Catherine C. Blake
                                                        United States District Judge